IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LIFEWAY FOODS, INC., | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No.: 06 C 2409 |
| LUDWIG DAIRY PRODUCTS, INC., f/n/a UNITED WORLD IMPORTS, INC., and MIROSLAW GEBKA | ) Suzanne B. Conlon, Judge |
| Defendants. | ) |

## **MEMORANDUM OPINION AND ORDER**

Lifeway Foods, Inc. sued Ludwig Dairy Products, Inc. and Miroslaw Gebka for trade dress infringement in violation of the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*, unfair competition, and breach of a settlement agreement reached in a prior dispute. Lifeway moves for summary judgment on the issue of liability for the breach of contract claim. For the reasons set forth below, the motion is granted.

## **BACKGROUND**

The following facts are undisputed unless otherwise noted. Lifeway Foods and Ludwig Dairy Products are Illinois corporations that manufacture and sell kefir, a milk-based cultured drink. Defs. Additional Facts at ¶ 11. Gebka is president of Ludwig. Pl. Facts at ¶ 1. Ludwig is the successor to United World Imports, Inc. *Id.* at ¶ 2. On February 15, 1994, Lifeway and defendants entered into a settlement agreement in connection with the dismissal of a prior lawsuit. *Id.* at ¶ 1; Defs. Additional Facts at ¶ 12. Lifeway contends that it performed all its obligations under the agreement, but defendants dispute this fact. *Id.* at ¶ 7.

The agreement provided that defendants agreed to use only red screw-on caps for their kefir from April 1, 1994 onward, and would not use any other color so long as Lifeway continued to produce kefir products. Pl. Facts at ¶ 3. Lifeway has continued to produce kefir products from April 1, 1994 until the present. *Id.* at ¶ 4. Contrary to the agreement, defendants used blue screw-on caps on their blueberry kefir from August 2005 to May 2006. Defs Resp. to Pl. Facts at ¶ 5. Defendants ordered, received and used five cases of blue screw-on caps containing a total of 22,500 to 30,000 caps. Pl. Facts at ¶ 9. Defendants sold 13,639 bottles of blueberry kefir with blue tops. *Id.* at ¶ 10.

## DISCUSSION

### I. Jurisdiction

This court has original jurisdiction over Lifeway's Lanham Act claim (Count I). 15 U.S.C. § 1121(a); 28 U.S.C. §§ 1331 and 1338(a). Jurisdiction exists over the unfair competition claim (Count II) because it is joined with a substantial and related claim under the Lanham Act. 28 U.S.C. § 1338(b). There is supplemental jurisdiction over the breach of contract claim (Count III) because it is so related to the Lanham Act claim that it is part of the same case or controversy. 28 U.S.C. § 1367(a).

### II. Legal Standard

Summary judgment is proper when the moving papers and affidavits show there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Summary judgment may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages. *Id.* A movant has the initial burden of demonstrating that it is entitled to summary judgment. *Cont'l Cas. Co. v. Northwestern Nat'l Ins. Co.*, 427 F.3d 1038, 1041 (7th Cir. 2005). Once a movant has met

its burden, the nonmoving party must go beyond the pleadings and set forth specific facts showing there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Cont'l Cas. Co.*, 427 F.3d at 1041. The court considers the record as a whole and draws all reasonable inferences in the light most favorable to the nonmoving party. *Id.* A genuine issue of material fact exists when the evidence is sufficient to support a reasonable jury verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## III. Analysis

The construction and enforcement of a settlement agreement is governed by local (in this case, Illinois) contract law. *Abbott Labs. v. Alpha Therapeutic Corp.*, 164 F.3d 385, 387 (7th Cir. 1999). Under Illinois law, the elements of a cause of action for breach of contract are "the existence of a valid and enforceable contract; (2) the performance of the contract by plaintiff; (3) the breach of the contract by defendant; and (4) a resulting injury to plaintiff." *Priebe v. Autobarn, Ltd.*, 240 F.3d 584, 587 (7th Cir. 2001) (quoting *Hickox v. Bell*, 195 Ill. App. 3d 976, 992 (Ill. App. Ct. 1990)).

Lifeway argues defendants breached the settlement agreement by using blue caps on Ludwig's kefir products instead of red. Lifeway does not seek a specific amount of damages resulting from the breach. Lifeway contends it will prove its damages in a further proceeding, or be entitled to nominal damages. Defendants do not dispute that the agreement is a valid and enforceable contract, or that their use of blue caps breached the agreement. Defendants argue summary judgment should be denied because Lifeway fails to demonstrate that it performed its obligations under the agreement and that it suffered any injury as a result of the breach.

### A. Valid and Enforceable Contract

Lifeway attached a copy of the agreement to the complaint. The agreement is in writing, and is signed by the president of Lifeway Foods and by Gebka on behalf of United World Imports. 740 ILCS § 80/1 (agreements must be in writing, signed by the person to be charged). The agreement provides that "[United World Imports] and Gebka agree to use from April 1st, 1994 onward only red screw-on tops on their drinkable yogurt and kefir products, and shall not use any other colored top on any such product for so long as Lifeway Foods, Inc, continues to produce kefir-based products." *See* Compl., Ex. A at ¶ 5.

Defendants do not dispute that the agreement is valid and enforceable. In their statement of additional facts, defendants note that paragraph five of the agreement references United World Imports. Defs. Additional Facts at ¶ 13. However, defendants do not discuss this fact in their response, nor do they argue that the agreement is invalid as to Ludwig Dairy Products. In fact, defendants admit that Ludwig Dairy Products is the successor to United World Imports. Defs. Resp. to Pl.'s Facts at ¶ 2. Lifeway has demonstrated the agreement is a valid and enforceable contract. Defendants do not set forth specific facts showing there is a genuine issue for trial on the validity or enforceability of the contract.

### B. Lifeway's Performance

Paragraph four of the agreement provides that both parties agree not to knowingly interfere with any written agreement of the other party to exclusively purchase materials from a supplier. *See* Compl., Ex. A at ¶ 4. This provision sets forth Lifeway's sole obligation under the agreement; all other provisions impose obligations only on defendants. *Id.*

Lifeway states that it performed all of its contractual obligations. Pl. Facts at ¶ 7. In support of this statement, Lifeway cites Gebka's deposition. *Id.* at Ex. C, pages 137-41. Defendants argue Gebka's deposition does not support Lifeway's statement. Gebka testified he did not know whether Lifeway performed its obligations under the agreement. *Id.* at 137-38. Gebka was asked whether Lifeway "interfere[d] with any exclusive supplier for United World Imports to your knowledge." He answered, "No. I don't – even I didn't buy the stuff, whatever, they buy it. I don't know what you would ask." *Id.* at 139. While Gebka answered "no" to the question whether Lifeway interfered with suppliers, his answer is confusing, and it is not clear he understood the question. Gebka acknowledges he has difficulties with English and needs translation for contractual documents. *Id.* at 138. Viewed in defendants' favor, Gebka's deposition testimony does not support a reasonable inference that Lifeway performed its sole obligation under the agreement.

Lifeway also submitted the affidavit of its president and chief executive officer, Julie Smolyansky, attesting that Lifeway performed its obligations under the agreement. Pl. Reply, Ex. F. As president, Smolyansky attests she has knowledge of Lifeway's operations, has instructed employees to refrain from interfering with suppliers, and knows of no interference. *Id.* Smolyansky's affidavit is sufficient to show that Lifeway performed its obligations under the agreement. Defendants fail to raise an issue of genuine material fact with respect to Lifeway's performance. They cite no instance of interference with their suppliers. Defendants argue Lifeway's assertion is not supported by Gebka's deposition, but they fail to set forth specific facts showing there is a genuine issue for trial as to whether Lifeway performed its contractual obligations.

### C. Breach

Lifeway contends defendants breached the agreement by using blue caps. Defendants do not dispute that they used blue caps on their kefir during August 2005 through May 2006, even though the agreement required the use of red caps. Defs. Resp. to Pl.'s Facts at ¶¶ 3-6. At least 13,639 bottles of blueberry kefir were sold with blue caps during this time period. *Id.* at ¶ 10. Defendants fail to set forth specific facts showing there is a genuine issue for trial as to whether they breached the agreement.

### D. Injury

Lifeway contends it was injured by defendants' use of blue caps. Defendants sold at least 13,639 bottles of blueberry kefir with blue caps. Defs. Resp. to Pl. Facts at ¶ 10. Lifeway argues potential damages from the breach include, at a minimum, the number of bottles sold with blue caps. Pl. Resp. to Defs. Additional Facts at ¶ 21. Lifeway contends that it will prove damages at a further proceeding, or be entitled to nominal damages.

Defendants argue summary judgment should not be granted because Lifeway cannot demonstrate that it suffered any damages at all from the breach, and consequently cannot prove every element of its breach of contract claim. Defendants contend Lifeway's sales figures do not show a loss during the period when defendants used blue caps, and Lifeway cannot specify the dollar amount of its damages. Defs. Additional Facts at ¶¶ 18-19. Lifeway disputes these facts. Pl. Resp. to Defs. Additional Facts at ¶¶ 18-19. The facts are not material, however, because Lifeway has shown it is entitled at least to nominal damages. *Olympia Hotels Corp. v. Johnson Wax Dev. Corp.*, 908 F.2d 1363, 1372 (7th Cir. 1990) ("[t]he victim of a breach of contract is always entitled to nominal damages if he proves a breach but no damages"). Summary judgment may be rendered even if there

6

is a genuine issue as to the amount of damages. Fed. R. Civ. P. 56(c). Lifeway may prove its damages, if any, at trial on this issue.

## CONCLUSION

Lifeway is entitled to judgment on the issue of liability for breach of contract. A trial is necessary to determine damages.

ENTER:

*Suzanne B. Conlon*
Suzanne B. Conlon
United States District Judge

April 23, 2007